IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV98-1-V
5:05CR211-V

| | |
|---|---|
| DAGOBERTO SANTAMARIA FLORES, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____) | **O R D E R** |

**THIS MATTER** comes before the Court upon Petitioner's Motion for Reconsideration (Doc. No. 4), filed September 2, 2009.

On August 17, 2009, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence. In his Motion to Vacate Petitioner alleged that this Court was "without jurisdiction to expose [him] to a sentence under the statutory penalty provision of 21 U.S.C. § 841(b)(1)(A) for a statutory penalty provision conviction under 21 U.S.C. § 841(b)(1)(c) . . . ." After conducting an initial review of Petitioner's Motion to Vacate, this Court concluded that Petitioner's claim was procedurally defaulted, or in the alternative, procedurally barred.

Petitioner has now filed a Motion to Reconsider arguing that he did not procedurally default his claim because jurisdictional challenges are more properly raised in the § 2255 context than on direct appeal. In addition, Petitioner argues that he did not default this claim because it was the responsibility of the court to raise this claim sua sponte.

Petitioner's arguments are erroneous. A defendant may raise jurisdictional claims on

direct review. Likewise, the failure of a court to sua sponte raise an issue does not result in an exception to procedural default. Finally, the Court notes that Petitioner's claim lacked merit. That is, defects in an indictment do not deprive a court of the power to adjudicate a case. See United States v. Cotton, 535 U.S. 625, 630-31 (2002)(upholding under plain error review the imposition of a sentence pursuant to § 841(b)(1)(A) when the indictment charged a violation under § 841(b)(1)(C)).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (Doc. No. 4) is **DENIED**.

Signed: October 13, 2009

Richard L. Voorhees
United States District Judge