IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV98-1-V

| | | |
|---|---|---|
| DAGOBERTO S. FLORES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion for a Certificate of Appealability (Doc. No. 6), filed November 2, 2009.

Through his present motion, Petitioner asks this Court to issue a certificate of appealability with regard to this Court's denial of his Motion to Vacate, Set Aside, or Correct Sentence and this Court's denial of his Motion for Reconsideration.[1]

This Court may issue a certificate of appealability (hereinafter "COA"), only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the United States Supreme Court has stated, "'[w]here a district court has rejected the constitutional claims on the merits, the showing needed to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" See Miller-El v. Cockrell, 537 U.S. 322, 338

---

[1] In Reid v. Angelone, 369 F.3d 363 (4th Cir. 2004), the United States Court of Appeals for the Fourth Circuit held that a petitioner was required to obtain a certificate of appealability as a prerequisite to appeal the denial of a motion to reconsider.

(2003)(quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). However, when a district court denies a claim on procedural grounds,

> a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>Slack</u>, 529 U.S. at 484.

In his Motion to Vacate, Petitioner argued that this Court erred when it found an increased drug quantity using a preponderance of the evidence standard which subjected him to an increased statutory penalty under 21 U.S.C. § 841(a)(1)(A). After examining the record, this Court concluded, for the reasons set forth in its August 21, 2009, Order, that Petitioner had procedurally defaulted his claim.[2] Petitioner then filed a Motion for Reconsideration asserting that he did not procedurally default his claim because jurisdictional challenges are more properly raised in the § 2255 context than on direct appeal. In addition, Petitioner argued that he did not default this claim because it was the responsibility of the court to raise this claim <u>sua</u> <u>sponte</u>. For the reasons set forth in this Court's October 13, 2009, Order, this Court denied Petitioner's Motion for Reconsideration.

Petitioner did not raise his § 2255 claim on direct review. Petitioner has not established cause and prejudice so as to excuse his procedural default. Consequently, Petitioner has not shown that jurists of reason would find it debatable whether his petition states a valid claim of

---

[2] In the alternative, this Court held that Petitioner was procedurally barred from raising his claim.

the denial of a constitutional right and that jurists of reason would find it debatable whether this Court was correct in its procedural ruling. Therefore, Petitioner's application for a certificate of appealability is denied.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for a Certificate of Appealability (Doc. No. 6) is **DENIED**.

Signed: December 11, 2009

Richard L. Voorhees
United States District Judge